1817.

SHARPE *against* SPECKENAGLE.

*Philadelphia.*

IN ERROR.

*Monday,*
*December 15.*

ERROR to the District Court of the city and county of *Philadelphia.*

A discharge under the insolvent act of March 26th, 1814, of a defendant in prison under a *capias ad satisfaciendum,* does not discharge his surety for a stay of execution.

*Speckenagle,* the plaintiff below, had brought an action, and obtained judgment, against a certain *James Oellers,* and in order to obtain a stay of execution for *Oellers, Sharpe,* the defendant below, became bound in a recognisance to *Speckenagle,* in pursuance of the 7th section of the act of 21st *March,* 1806, the condition of which was, that unless *Oellers* paid the debt and costs within nine months, *Sharpe* would pay them for him. *Oellers* did not pay the debt and costs, upon which *Speckenagle* issued a *capias ad satisfaciendum,* and took him in execution. After lying some time in prison, *Oellers* was discharged by virtue of the 12th section of the "act for the relief of insolvent debtors," passed the 26th *March,* 1814. After his discharge, the present action was brought on *Sharpe's* recognisance, and the question was, whether it was maintainable? The Court below gave judgment for *Speckenagle,* the plaintiff.

The 12th section of the insolvent law of 26th *March,* 1814, after providing for the debtor's security from imprisonment, upon obtaining a discharge under that act, enacts, " that the " discharge of a debtor by virtue of this act, shall not acquit " any other person from any debt, sum or sums of money, or " any part thereof, but that all other persons shall be answer- " able for the same, in the same manner as before the passing " of this act."

*Randall,* for the plaintiff in error, contended, that by the taking the person in execution, the surety was discharged. A *capias ad satisfaciendum,* is a satisfaction for the debt. No other process can be sued after this against the defendant's lands or goods, except by force of the stat. 21 *Jac.* 1. c. 24, in case of the defendant's death. 1 *Sellon,* 552. In 4 *Burr.* 2483, it is said by the Court, that if the plaintiff takes

the defendant in execution, his person is all he can have. *Freeman* v. *Ruston*,(a) shews, that a lien on land is discharged by a *capias ad satisfaciendum.* ' A lien is stronger than the case of a surety. In *Foster* v. *Jackson*,(b) it is held, that after the principal has been taken on a *capias ad satisfaciendum*, no other execution lies. Here it is not the discharge we rely on, but we contend, that taking the body is a satisfaction of the debt. He also cited, *Cro. Jac.* 320. 3 *Wils.* 17. 2 *Binn.* 218. 382.

*Kittera*, contra. The defendant undertook, that unless the principal, at the expiration of nine months, *paid* the debt, interest, and costs, he would do it for him. · He is now endeavouring to defeat the plaintiff, because the latter did all in his power to compel the principal to pay. But no principle of law considers a *capias ad satisfaciendum* as a satisfaction of the debt. If two are bound jointly and severally, and judgment is obtained against each, the plaintiff may have a *capias ad satisfaciendum* against one, and an *elegit* against the other. *Hob.* 2. If the defendant dies in prison, the plaintiff may have a new execution by *elegit* or *fieri facias;* execution of the body, is no satisfaction till the money is paid. 5 *Co.* 86, *b.* So if two are jointly and severally bound, and one is sued separately, and separately taken in execution, and escapes, the other shall not have *audita querela*, for it is no satisfaction. *Ib.* The law of 1814, expressly provides for cases like the present, and declares, that the discharge of the debtor shall be no bar. He also cited 4 *Dall.* 275. 2 *Tidd*, 983.

TILGHMAN C. J. It is not pretended, that the insolvent act discharged *Oellers* from the *debt;* it only discharged him from imprisonment. But the counsel for the defendant contends, that the arrest of *Oellers* on the *capias ad satisfaciendum* was, *in itself*, a satisfaction of the debt, and therefore it amounted to a discharge of the recognisance. That the arrest on a *capias ad satisfaciendum* is, in itself, a satisfaction of the debt, is a position not to be maintained, unless the plaintiff consented to the discharge ; then indeed the debt is gone. But if the defendant escapes, after arrest on a *capias*

(a) 4 *Dall.* 214.                              (b) *Hob.* 52. 59.

*ad satisfaciendum*, either with or without the consent of the sheriff, he may be retaken by the plaintiff, (unless he also had consented,) which could not be if the debt were satisfied. If two persons are bound in an obligation, jointly and severally, and sued severally, each may be taken in execution, or one may be taken on a *capias ad satisfaciendum*, and the property of the other levied on by a *fieri facias*, which could not be, if the debt was *satisfied* by taking one in execution; for there can be but *one satisfaction for one debt*, although one hundred persons are bound for it; but if *one* makes *actual satisfaction by payment of the money*, all the rest are discharged. There is a difference, therefore, between an actual satisfaction, and that kind of legal satisfaction arising from the arrest on a *capias ad satisfaciendum*. I take the law to stand thus :—If the plaintiff takes the body of the defendant in execution, he can never have against him, while in jail, any other execution; but if he dies in jail, he may have execution against his lands or goods, by virtue of the stat. 21 *Jac.* 1. c. 24. I think too, that in case of death, the better opinion is, that the plaintiff might have had execution against the defendant's lands or goods, at *common law*. The stat. 21 *Jac.* recites, that it had been *greatly doubted*, &c.; it certainly had been doubted, although the decision in *Blumfield*'s case, (5 *Co.* 86. *b.* 38th & 39th *Eliz.* in the King's Bench,) was expressly in favour of the execution, and for reasons not easily answered; because the plaintiff having secured his legal remedy, was in no default, and therefore ought not to be injured by the act of God, which works wrong to no man; and it would be most unjust, if in such case, the goods of the defendant should not be liable for the debt which had not been actually paid. In *Foster* v. *Jackson*, *Hob.* 52, decided in the reign of *James* I. the law was indeed held contrary to *Blumfield*'s case, but in my opinion, for reasons more technical and artificial, but less substantial and satisfactory. In that case, however, although it was held, that no execution lay against the executors of the defendant, yet it was laid down, that the taking on the *capias ad satisfaciendum*, " *was* " *not the perfect satisfaction in nature, to all purposes and* " *against all persons;*" on the contrary, " *that it was clearly* " *no satisfaction, so as to bar the plaintiff to seek satisfaction* " *against another liable to the same debt.*" This principle is decisive of the present case ; for here, the plaintiff gave no

1817.

SHARPE
*v.*
SPECKENAGLE.

consent to the discharge of *Oellers;* it was effected by act of law, which, like the act of *God*, injures no man ; *and the defendant was liable for the same debt.* There is, moreover, an express provision in the very insolvent law, under which *Oellers* was discharged, (sect. 12,) that the discharge of. a *debtor*, by virtue of that act, should not acquit *any other person* from·any debt, &c. And this provision might be called in, if necessary, in aid of the plaintiff.. It is a provision, which, *ex cautela*, is. inserted in all insolvent laws and sta- ·tutes of bankruptcy, to prevent cavil. But the·defendant's counsel, lays· great stress, and indeed rests his defence, prin-- cipally on the case of *Freeman* v. *Ruston*, 4 *Dall.* 214. In that case, the decision of the Court was only this :—Where a plaintiff takes the defendant's body in execution, he relin- quishes his lien on the defendant's lands ; and if other cre- ditors take those lands in execution and sell them, and then the defendant is discharged by the insolvent act, the plaintiff cannot turn round, and resort to the lands which had been taken by the other creditors. The difference of that case, from the present, is manifest. · There was no question in ·*Ruston*'s case, of the discharge of any *other person*, who was bound for the *same debt.* It is not therefore applicable.

I have no doubt, that the plaintiff's remedy on the recog- nisance of the defendant remained in full force, unaffected by. the discharge of *Oellers;* and am therefore of opinion, that the judgment should be affirmed.

GIBSON J. was absent.

DUNCAN J. The defendant in error obtained judgment against one *James Oellers.*. In order to obtain a stay of execu- tion, under the provisions of the act of 21st *March*, 1806, the plaintiff in error entered into a recognisance for payment of the debt, interest, and costs, on the expiration of the *cesset.* The judgment not being satisfied, *Speckenagle* issued a *capias ad satisfaciendum*, on which *Oellers* was arrested, and com- mitted, and he obtained his discharge from confinement under the act for relief of·insolvent debtors, of 26th *March*, 1814 ; the creditor not having paid the allowance for his sup- port. On a suit on this recognisance against the bail, he sets up this discharge as a bar to the plaintiff's recovery.

A *capias ad satisfaciendum* executed, and the debtor con-

1817.

. SHARPE
· v.
SPECKENAGLE.

fined on it, amounts, during such confinement, to a discharge and satisfaction of the debt; the body being the highest satisfaction known to the law; even as the common law stood, though he died in confinement, it is a satisfaction. But it is not the caption of the body, but having it in *arcta et salva custodia*, either as a punishment to the debtor, or to cause him by means of this confinement to pay the debt. Indeed so strict was the law on this subject, that it was long before it was settled, that payment to the sheriff, on a *capias ad satisfaciendum*, was a good payment. If the caption was a discharge, then if the sheriff suffered the debtor to escape, the remedy against him was gone. But this is not the law. For the plaintiff has a double remedy; either to proceed against the plaintiff, or the debtor, by *fieri facias* on the judgment, 1 *Saund.* 35, on which he may issue another *capias ad satisfaciendum. Watson*, 113. 2 *Johns. Cas.* 6. *Ruston's* case, 4 *Dall.* 214, has no application to this question. For the sheriff's sale was made on the 12th *July*, 1798, and *Ruston* was not discharged until *November*, 1798, before which the greater part of the money had actually been paid to the sheriff. *Ruston* was in actual custody on *Coates's capias ad satisfaciendum*, when the land was sold. The state of the fact, and the law, when the property was sold, and the price received, governed the decision, not matter arising *ex post facto*. When the sale was made on *Freeman's* execution, *Coates* held the body in jail on his execution.

By the very provision of the law, under which the discharge of the recognisance is now claimed, it is declared, that the discharge of the debtor should not acquit any other person, but that they should be answerable in the same manner as before the passing of the act, and the lien of the judgment, as against the debtor, remains. It would be a most unjust construction, and against the very letter of the law, which preserves the right of the creditor, leaving it unaffected as to all third persons, and which only discharges the body of the debtor, to declare it to be not only a satisfaction of the debt, as to the original debtor, but to destroy the security which he has obtained by the obligation of another. But this recognisance is a new and substantive debt. The law, when it delays the fruits of the judgment, requires an unconditional security for the debt, which nothing can dis-

charge but payment, or some act of the creditor exonerating the debtor.    Pursuing him by due process of law, never can amount to such exoneration.    If this were even a joint and several obligation, the creditor could bring separate actions against each, and have judgment and execution against each. A levy of goods on a *fieri facias* amounts to satisfaction, yet seizing goods of a co-obligor will not discharge the other obligor, unless the goods are sold, 2 *Ld. Raym.* 1072, because it was not actual satisfaction.    The very object of the security was to protect against the insolvency of the debtor. He might have sufficient to pay the debt, if the plaintiff were permitted to go on with his execution ; but as the law extends a favour to him, in the delay of the execution, so it affords a protection to the creditor, by giving him an indemnity for the injury that might arise from the delay.

Judgment affirmed。